## Case No. 5,685.

### GRANGER v. SWART.

[1 Woolw. 88.] [1]

Circuit Court, D. Wisconsin. April, 1865.

BOUNDARY OF GOVERNMENT LANDS LYING ALONG LAKES AND RIVERS — MEANDERED LINE — ACCRETIONS—WASTE LAND—ADVERSE POSSESSION WHICH AVOIDS A DEED—COLOR OF TITLE.

1. The boundary to lands bordering on rivers and lakes is the meandered line established by the government surveyors.

[Cited in James v. Howell, 41 Ohio, 709.]

---

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

2. If, at the date of an entry of government land, one of the boundaries of which is such meandered line, the lake or river extends to. and borders on. such line, accretions afterwards formed belong to the party holding title under the entry.

[Cited in East Omaha Land Co. v. Jeffries, 40 Fed. 388.]

[Cited in Bissell v. Fletcher, 19 Neb. 725, 28 N. W. 304.]

3. But if, at the time the entry was made, between such line and the bank of the lake or river, there was a body of swamp, or waste land, or flats, on which timber and grass grew, horses and cattle fed, and hay was cut, such land was not included within the entry.

4. The adverse possession necessary to avoid the deed of a grantor, out of possession, must be under color of title.

This was an action of ejectment tried to a jury. Walker had entered certain lands, which at one time bordered on Lake Koshkonong and the Rock river. The government surveyor had run a meandered line. Afterwards, but before the entry, as the evidence tended to show, a considerable body of land was formed by accretions. This land was low and marshy, but at certain seasons of the year it became dry. Grass grew upon it; hay was cut; and horses and cattle were pastured there. Walker conveyed the tract as it was entered by him to the defendant, who, claiming that the entry covered this land formed since the survey, entered into possession. The plaintiff's title was derived from an entry made subsequent to the defendant's, which in terms covered the new land. He having made out a title, the defendant sought to avoid it by showing his prior entry and patent, claiming that they covered the premises in question.

MILLER, Circuit Justice (charging jury). The plaintiff produces in evidence patents from the United States to Gilbert and Finch for the land described in the declaration, a conveyance from Finch to Gilbert, and one from Gilbert to himself. He also proves the defendant in possession at the commencement of this suit. He has thus made out a title, and established prima facie his right to recover.

To defeat the case thus made, the defendant claims that he has a prior title to the same land, which he attempts to prove by three patents from the United States to Martin Walker, and a deed from Walker to himself.

The first and principal question to be determined by the jury is, whether these patents cover the land in controversy. The patents and deeds under which the defendant claims do not pass the title to the premises in question, unless, at the date of the entries on which they issued, the Rock river, where it is called a river, and Lake Koshkonong, where it is called a lake, extended to and bordered upon the meandered line which constitutes the boundary of the lands described in the patents. In other words, if, between the meandered line which by the government survey was made one of the boundaries of the land sold to Walker, and the bank of Rock river and shore of Lake Koshkonong, there was at that time a body of swamp, or waste land, or flats, on which timber and grass grew, and horses and cattle could feed, and hay be cut, then the patents to Walker did not cover this land, but were confined to the actual limit of said meandered line.

On the other hand, if, when the entries were made, the bank of the river and shore of the lake, at an ordinary stage of water, were where this meandered line was represented by the United States survey, and the land in controversy has since been formed by a receding of the water, or by accretion to the shore and bank, then it became the land of the defendant, or of Walker, as the title might be in one or the other.

If the first of these positions be found by you to be true, the defendant has no title to the land; if the second be true, he has title to the addition made by the accretion.

The defendant further relies upon the fact that, although the patents from the government to Gilbert and Finch may have conferred on them the legal title to the land in question, the deed from Gilbert to plaintiff was void, because the land conveyed was held adversely by the defendant.

In order to make this deed void, the defendant must have been in the actual possession of the land, claiming under a title adverse to that of Gilbert. The defendant says in his own testimony, that the only title under which he claimed the land was the patents to Walker, and the deed from Walker to him. If these patents and this deed did not cover the land in controversy, the mere claim or assertion that they did cover it. does not constitute a color of title which avoids Gilbert's deed.

The possession adverse to that of a grantor which avoids his deed must be under color of title; and when the paper, or deed, or document which is claimed to constitute this color of title is produced, it must embrace the land in question, or it cannot operate to avoid a deed from one holding the true title. Otherwise a man in possession of a lot of land, in town or elsewhere, might make void every sale of it by its true owner, by merely asserting that his deed of some other lot covered the one of which he claimed to hold possession.

We have already instructed you as to the rule by which you are to determine whether the patents to Walker covered the land in question. If you find that they did not, then they do not give color of title to make void the deed of Gilbert to the plaintiff. If the jury find a verdict for the plaintiff, they will find a general verdict. If they find for the defendant. they will say whether they find on the ground of the avoidance of Gilbert's deed by the defendant's possession, or on

the ground that the defendant has the better title to the land.

Verdict and judgment for plaintiff.

On meandered lines, see Johnson v. Pannell, 2 Wheat. [15 U. S.] 206; Littlepage v. Fowler, 11 Wheat. [24 U. S.] 215; Brown's Lessee v. Clements, 3 How. [44 U. S.] 650; Railroad Co. v. Schurmier, 7 Wall. [74 U. S.] 272. Effect of survey, Bates v. Illinois Cent. R. Co., 1 Black [66 U. S.] 204. Accretions, New Orleans v. U. S., 10 Pet. [35 U. S.] 662. 717; Jones v. Johnston, 18 How. [59 U. S.] 150.